James F. JEANS, Plaintiff,

v.

Willa M. MITCHELL and Huldina M. Gray, Defendants,

and

General Casualty Company of Wisconsin, Garnishee.

No. 2–76–Civ–197.

United States District Court, D. Minnesota, Second Division.

Sept. 15, 1976.

Marvin E. Lundquist, Winter, Lundquist, Sherwood, Athens, & Pedersen, Mankato, Minn., for plaintiff.

C. Allen Dosland, Gislason, Dosland, Hunter, & Malecki, New Ulm, Minn., for defendants and garnishee.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The issue raised by the present motion is whether or not a Minnesota federal court has quasi-in-rem jurisdiction over an action arising from an automobile accident in South Dakota brought by a Minnesota resident against two nonresidents in which plaintiff has garnished the automobile insurer who wrote the policy which allegedly provides coverage for defendants' potential liability. Defendants have moved to dismiss the action on the grounds of lack of jurisdiction over defendants, insufficiency of service of process, and improper venue. The parties have agreed to submit this issue on briefs without oral argument.

■ The automobile accident which gave rise to this litigation occurred on December 3, 1973 in Minnehaha County, South Dakota. Defendant Mitchell, at that time a resident of Illinois and presently a resident of Florida, was driving a car owned by defendant Gray, a resident of Iowa, which was insured by the garnishee, a Wisconsin corporation doing business in Minnesota. The car collided with that owned by plaintiff who was at that time and is presently a resident of Minnesota. Suit was filed on June 7, 1976. Defendant Gray was personally served at her home in Illinois. It appears that no personal service has been made upon defendant Mitchell in either Illinois or Florida. The garnishee was given notice of this lawsuit by means of a garnishee summons which was served upon the Minnesota Commissioner of Insurance as the garnishee's appointed agent for process under Minn.Stat. § 60A.19. It is clear and undisputed by the parties that in personam jurisdiction cannot be asserted over the defendants. *Tunnell v. Doelger and Kirsten, Inc.,* 405 F.Supp. 1338 (D.Minn.1976). Thus, the assertion of jurisdiction must rest on the garnishment of the insurance policy.

■ The procedure for determining whether or not jurisdiction is properly asserted over a non-resident is two-fold. First, the court must determine that there is a state statute which authorizes such jurisdiction. If so, then the court must decide if the assertion of jurisdiction comports with the requirements of due process as developed by the federal courts. Plaintiff contends that the Minnesota pre-judgment garnishment statute, Minn.Stat. § 571.41(2), authorizes quasi-in-rem jurisdiction in the case at bar. This statute provides in relevant part:

Subd. 2. Garnishment shall be permitted before judgment in the following instances only:

(1) For the purpose of establishing quasi in rem jurisdiction . . .

(c) the defendant is a nonresident individual . . .

(2) When the garnishee and the debtor are parties to a contract of suretyship, guarantee, or insurance, because of which the garnishee may be held to respond to any person for the claim asserted against the debtor in the main action.

The Minnesota Supreme Court has recently interpreted this statute in *Savchuk v. Rush, et al.,* (1976), Minn., 245 N.W.2d 624. It adopted the reasoning of the first case to consider this issue, *Rintala v. Shoemaker,* 362 F.Supp. 1044 (D.Minn.1973), in which Judge Neville exhaustively examined prior Minnesota case law and legislative enactments and determined that the statute authorized jurisdiction in a case presenting substantially similar facts as those presented in the litigation at hand. This case has been followed in three other Minnesota federal district court cases, *Adkins v. Northfield Foundry and Machine Co.,* 393 F.Supp. 1079 (D.Minn.1974); *Bak v. Sneiderman, et al.,* No. 4–75–Civ. 123 (D.Minn., filed July 21, 1975); and *Reiter v. Freeburg,* No. 4–75–Civ. 145 (D.Minn., filed June 24, 1975). The court approves the rationale of these cases and holds that Minn.Stat. § 571.41(2) applies to the present litigation.

■ *Rintala v. Shoemaker* and *Savchuk v. Rush* also explored the constitutional problems regarding the assertion of quasi-in-rem jurisdiction over an insurance policy issued by an insurance company doing business in the forum state. The courts found that the due process requirements enumerated in *Aftanase v. Economy Baler Co.,* 343 F.2d 187 (8th Cir. 1965) were satisfied provided: (1) proper notice was given to the defendant-insured; (2) the potential exposure of the defendant was limited to the coverage limits of the insurance policy; and (3) the plaintiff was a resident of the forum state. The first requirement fulfills the dictates of *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); the second insures that quasi-in-rem jurisdiction will not be impermissibly converted into in personam jurisdiction; and the third prevents forum

shopping and provides the forum state with an interest sufficient to satisfy the dictates of due process. Again, the court adopts the rationale of the previous cases and holds that if these three safeguards are present, the assertion of quasi-in-rem jurisdiction meets the constitutional standard.

Defendant Gray has been given full notice of these proceedings by means of personal service. Counsel for plaintiff has stated by means of affidavit that plaintiff is willing to stipulate that he only seeks a recovery within the coverage limitations of the insurance policy. The use of such a statement and stipulation to meet the second constitutional requirement was approved in *Bak v. Sneiderman, supra.* An additional safeguard is provided by *Rintala v. Shoemaker* and *Savchuk v. Rush.* Rule 4.04(2) of the Minnesota Rules of Civil Procedure provides that when quasi-in-rem jurisdiction is obtained, a party defending the action thereby submits to personal jurisdiction. However, the aforementioned cases held that in the type of case presented at bar, basic considerations of fairness mandate that this rule cannot apply. Therefore, defendant Gray can proceed to a defense on the merits without exposing herself to potential liability in excess of her policy limits.

A different situation is presented regarding defendant Mitchell. It is not at all clear that she has ever been served with notice of this lawsuit (affidavit of C. Allen Dosland, dated July 27, 1976). Moreover, the *Rintala v. Shoemaker* and *Savchuk v. Rush* line of cases only authorize jurisdiction over the defendant-insured through garnishment of her insurance policy. In this case, it appears that there is no garnishable *res* belonging to Mitchell located in Minnesota. Therefore, the assertion of quasi-in-rem jurisdiction as to her is improper, especially when such jurisdiction is proposed to be obtained by means of garnishing a *res* which is the property of a third party.

Defendant has also moved to dismiss for improper venue. It is clear that 28 U.S.C. § 1391(a) permits this suit to be tried in Minnesota since it is a diversity case and plaintiff resides in Minnesota. *Savchuk v. Rush* indicated that in the proper case, the doctrine of *forum non conveniens* can be employed to dismiss a case when convenience requires that it be tried elsewhere. However true this may be in the Minnesota state courts, it is well established that this doctrine should only be used by the federal courts in the rare instance when the most convenient forum is a state court or the court of a foreign country. Inconvenient but properly venued cases in the federal court should not be dismissed but should be transferred under 28 U.S.C. § 1404(a). 15 Wright and Miller, *Federal Practice and Procedure* § 3828 (1976). Since this is a diversity case, the Minnesota state courts are no more convenient than the federal court. Therefore, dismissal would be improper. Furthermore, since the garnishee does a substantial amount of business in Minnesota and the plaintiff is a resident of Minnesota, the court holds that it is the most convenient federal forum. Therefore, the court also declines to transfer.

THEREFORE, IT IS ORDERED:

(1) The motion to dismiss defendant Gray for insufficiency of process and lack of jurisdiction is denied.

(2) The motion to dismiss defendant Mitchell on the aforementioned grounds is granted.

(3) The motion to dismiss for improper venue is denied.