### TUC ELECTRONICS, INC.

### v.

### EAGLE TELEPHONICS, INC.

### Civ. No. H–88–247 (PCD).

United States District Court,
D. Connecticut.

Nov. 1, 1988.

Patrick W. Boatman, Glastonbury, Conn., for plaintiff.

William C. Longa, Edward R. Scofield, Zeldes, Needle & Cooper, Bridgeport, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO TRANSFER

DORSEY, District Judge.

Plaintiff, TUC Electronics, Inc. ("TUC"), brings this action alleging breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110b, *et seq.*, arising out of the sale of electronic power supplies to defendant, Eagle Telephonics, Inc. ("Eagle"). TUC is a Connecticut corporation and has its principal place of business here; Eagle is a New York corporation with a principal place of business in New York. Complaint, ¶¶ 1–2. Plaintiff alleges that Eagle agreed to purchase, and TUC agreed to design and manufacture, 7500 power supplies for use in Eagle's telecommunications business. A copy of the face of Eagle's Purchase Order (No. 182–2218), which allegedly reflects the agreement, is at-

tached to the complaint as Exhibit A. TUC claims that, after it had committed substantially all of its working capital to perform its obligations on time and to avoid a penalty, Eagle unilaterally sought to amend the purchase order by extending the time for delivery of the power supplies, thus placing TUC in financial distress. Complaint, Exhibits B, C, D. In response to TUC's objections, Eagle agreed to purchase 2500 power supplies at a reduced price to be paid within 15 days, but purported to cancel the remaining 1834 units of the original order. Complaint, ¶ 16; Exhibit E. Eagle later refused to pay for the 2500 units within the agreed 15-day period, and failed to accept delivery of the remaining 1834 power supplies. Complaint, ¶¶ 17–18. TUC contends that Eagle has breached the contract and committed unfair trade practices in violation of CUTPA.

Eagle moves to dismiss the action on the ground that "venue in the District of Connecticut is improper." Motion to Dismiss at 1. In support of the motion, Eagle has attached a copy of the purchase order form. Defendant's Motion to Dismiss, Exhibit A. The purchase order contains the following clause ("forum selection clause") upon which Eagle relies:[1]

> Any dispute, controversy or claim arising out of, in connection with or in relation to this Purchase Order, its interpretation, construction, formation, performance or breach (except defective pricing referred to below) shall be submitted to and determined by the appropriate court of original jurisdiction of the State of New York....

*Id.*, ¶ 13.

*Discussion:*

Defendant's motion is framed in terms of enforcement of the forum-selection clause

of the parties' agreement, and cites neither of the federal statutes respecting changes and defects of venue, 28 U.S.C. §§ 1404(a) and 1406(a).[2] Plaintiff moves for transfer pursuant to § 1406(a), thus apparently conceding that the case "lay[s] venue in the wrong district" by virtue of the effect of the forum selection clause. At the outset, it is necessary to determine the proper mode of analysis to be applied to the venue problem and the forum-selection clause, at issue here.

■ It is now settled that the propriety of venue in the federal courts, and in particular the effect of a forum-selection contract, are determined by federal law. *See Stewart Organization, Inc. v. Ricoh Corp.,* — U.S. —, —, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). Federal law provides three alternative avenues for testing the propriety of venue. First, if venue is laid in the "wrong" district within the meaning of § 1406(a), the action shall be dismissed or, if in the interest of justice, transferred to a district in which it could have been brought. Second, a case may be transferred under § 1404(a) from one district where venue is properly laid to another such district where a transfer would clearly work "for the convenience of parties and witnesses, and in the interest of justice." § 1404(a). *See, e.g., Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y. 1980); *Y⁴ Design Ltd. v. Regensteiner Publishing Enterprises,* 428 F.Supp. 1067, 1069 (S.D.N.Y.1977). If either federal statute is broad enough to control the venue dispute before the court, that statute must be applied. *Stewart Organization,* — U.S. at —, 108 S.Ct. at 2241. Finally, even if venue is properly laid in a particular

---

1. The forum selection clause appears on the reverse of the purchase order form, but is incorporated by language on the face of the form. TUC does not dispute that the clause thereby became part of the parties' agreement, nor that this action falls within the scope of the clause. Rather, TUC contends that the clause does not require dismissal of the action and moves instead for transfer to the Eastern District of New York.

2. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

federal district court, where factors of convenience and justice suggest that the case should proceed in a state or foreign court (i.e., a non-federal forum), the action may be dismissed under the common-law doctrine of *forum non conveniens*. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *see, e.g., Michell v. General Motors*, 439 F.Supp. 24, 26 (N.D. Ohio 1977); *Jeans v. Mitchell*, 418 F.Supp. 730, 734 (D.Minn.1976); Moore's Federal Practice ¶ 0.145[6.—1] at 1635 (1974). Where the preferred alternative forum is a federal district court, § 1404(a) applies and permits transfer on a lesser showing than would warrant dismissal for *forum non conveniens. See Norwood v. Kirkpatrick*, 349 U.S. 29, 31–32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Williams v. Kerr Glass Mfg. Corp.*, 630 F.Supp. 266, 270 (E.D.N.Y. 1986); Moore's Federal Practice ¶ 0.145[5] at 1633 (1974).

 Defendant contends that the language of the forum selection clause requires that the action be brought exclusively in the state courts of New York. In addition, defendant argues that the Eastern District of New York is not a district "where [the action] could have been brought" within the meaning of § 1406(a) and, therefore, the action must be dismissed. Plaintiff contends that the action should not be dismissed but transferred

under § 1406(a). However, where a federal venue statute lays venue for an action in a particular district, the existence of a forum-selection clause providing to the contrary does not make that district "wrong" within the meaning of § 1406(a).[3] Moore's Federal Practice ¶ 0.140[1.—4] at n. 13 (1974); *see Stewart Organization*, 810 F.2d at 1073 (en banc) (Tjoflat, C.J. specially concurring), *aff'd*, — U.S. —, — & n. 8, 108 S.Ct. 2239, 2243 & n. 8 (§ 1404(a) governs effect of forum-selection clause). *Cf. Leasing Serv. Corp. v. Broetje*, 545 F.Supp. 362, 369 (S.D.N.Y.1982) (analyzing forum selection clause under § 1404(a)). *Contra, D'antuono*, 570 F.Supp. at 713 (wrong venue under § 1406(a) in view of violation of forum-selection agreement); *Hoffman v. Borroughs*, 571 F.Supp. 545 (N.D.Tex.1982) (same). Defendant does not deny that plaintiff is a resident of Connecticut. *See* Complaint, ¶ 1. As jurisdiction over this action is founded solely upon diversity, 28 U.S.C. § 1391(a) authorizes venue in the District of Connecticut. Therefore, this cannot be the "wrong district" for purposes of § 1406(a), and the action can be neither dismissed nor transferred under that section. However, as the effect of such a clause is controlled by § 1404(a), *Stewart Organization*, — U.S. at — - —, 108 S.Ct. at 2244–45, plaintiff's motion to transfer will be considered as if made thereunder.

**3.** Previously, the cases were in some doubt over whether an exclusive forum-selection clause implicates § 1406(a), § 1404(a), or state or federal common law. *See, e.g., Visicorp v. Software Arts, Inc.*, 575 F.Supp. 1528, 1531–32 (N.D.Cal. 1983) (rejecting analysis under federal statutes and state law and applying *The Bremen*); *Heller v. James*, 601 F.Supp. 319 (D.Ill.1984) (considering forum-selection clause under § 1404(a)). *Compare D'antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 713 (D.R.I.1983) (applying § 1406(a)). A recent Supreme Court case has settled this confusion, holding that the effect of a forum-selection clause on federal venue is governed by § 1404(a). *Stewart Organization*, — U.S. —, 108 S.Ct. 2239. In *Stewart*, the plaintiff brought suit against the defendant, a nationwide manufacturer, in the Northern District of Alabama. A clause in the parties' agreement provided for venue exclusively in a court located in Manhattan, New York City. The district court denied defendant's motions to dis-

miss under § 1406 and to transfer under § 1406(a), holding that Alabama law governed to void the clause. The Court of Appeals reversed and applied federal common law, drawing standards from *The Bremen v. Zapata Offshore Oil Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See Stewart Organization v. Ricoh Corp.*, 810 F.2d 1066, 1069 (11th Cir.1987) (en banc), *aff'd on other grounds*, — U.S. —, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The Supreme Court affirmed, but held that the effect of the forum-selection clause was governed by § 1404(a). *Id.*, — U.S. at —, 108 S.Ct. at 2243. The Court also implied that, because the defendant did business in the Northern District of Alabama, the motion to dismiss under § 1406(a) was properly denied. *Id.* at — n. 8, 108 S.Ct. at 2243 n. 8, citing § 1391(c) (authorizing venue in district in which corporation does business). The situation here is essentially indistinguishable.

Defendant argues that the forum-selection clause provides venue exclusively in the *state* courts of New York and seeks a dismissal to enforce that requirement. Plaintiff contends that the forum clause is not exclusive and that the court has discretion to transfer the action to the Eastern District. Thus, the court is presented with the choice between transfer to the Eastern District under § 1404(a) or dismissal for *forum non conveniens* in favor of the state courts of New York. ·See *Bryant Elec. Co. v. City of Fredricksburg*, 762 F.2d 1192, 1196–97 (4th Cir.1985) (federal court declined to exercise jurisdiction where forum clause designated state court); *Spatz v. Nascone*, 364 F.Supp. 967, 974 (W.D.Pa.1973) (court has discretion to decline jurisdiction to give effect to parties' bargain); *but cf. Glicken v. Bradford*, 204 F.Supp. 300, 304 (S.D.N.Y.1962) (*forum non conveniens* is applied only where action should have been brought in foreign country or where transfer could be effected only to state court).

 There is no showing by either party as to the location of witnesses, the relative ease of access to sources of proof, delay of trial, or other factors of convenience and justice which have generally been the subject of motions to transfer under § 1404(a) or for dismissal for *forum non conveniens. See, e.g., Heyco v. Heyman*, 636 F.Supp. 1545, 1549 (S.D.N.Y. 1986) (§ 1404(a) factors); *Calavo Growers v. Generali Belgium*, 632 F.2d 963, 966 (2d Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981) (*forum non conveniens*); *Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A.*, 232 F.Supp. 433, 442 (S.D.N.Y.1964) (same). There has

been no general comparison of the relative convenience of Connecticut, the Eastern District of New York, or the New York state courts as a forum for this litigation. Each side rests entirely on the effect, or lack of effect, of the forum selection clause itself.[4] Ordinarily, where parties have freely agreed upon a particular forum for their disputes, it is presumed that each party has been compensated by the bargain for any inconvenience it might suffer by resort to that forum. *See Stewart Organization*, 810 F.2d at 1075 (Tjoflat, concurring); *D'antuono*, 570 F.Supp. at 713. Thus, because such a negotiated designation creates legitimate expectations, the contract designation is conclusive of the interests of convenience and justice as between the parties and in most instances the clause will be given controlling weight.[5] *See The Bremen*, 407 U.S. at 10, 12–13, 92 S.Ct. at 1913, 1914–15; *Stewart Organization*, —— U.S. at ——, 108 S.Ct. at 2245 (Kennedy and O'Connor, concurring); *D'antuono*, 570 F.Supp. at 710 (plaintiff waives any consideration of his own convenience).

 Here, the clause mandates that disputes be submitted to "a court of original jurisdiction of the State of New York." Defendant's Exhibit A. While plaintiff argues that this language should be read in geographic terms to include a federal court sitting *in* the State of New York, such a reading would ignore the plain meaning. The clause designates the courts "of," and not merely "in," the State of New York; moreover, the result for which plaintiff argues ignores the presence of the limiting words "State of." The language of the clause indicates, with reasonable clarity,

---

**4.** Plaintiff has not suggested that were the action to be dismissed the statute of limitations would foreclose suit in the alternative forum. This possibility is, therefore, deemed waived as a basis to oppose dismissal.

**5.** Of course, such a clause will not be controlling where the convenience of the witnesses and the interest of justice strongly favor another forum, or where the designated forum will, in effect, provide no remedy at all. *See The Bremen*, 407 U.S. at 19, 92 S.Ct. at 1918. This exception merely recognizes the general principle under § 1404(a) that, while litigants are

permitted wide latitude to arrange their own affairs, such arrangements cannot be permitted to impose unreasonable burdens on witnesses, the courts, or the public, or to thwart the effective administration of justice. *Cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947) (court may resist imposition on its jurisdiction by those "who seek not simply justice but perhaps justice blended with some harassment"). That principle is not implicated here as both parties rely wholly upon conflicting interpretations of the agreement.

**40**

that the parties agreed to limit their disputes to the state courts. *See Spatz,* 364 F.Supp. at 974.[6]

Plaintiff and defendant are both business entities, and it does not appear that plaintiff is unsophisticated or was so completely lacking in bargaining power as to require the agreement to be scrutinized for its fairness. *See Bryant Elec. Co.,* 762 F.2d at 1196–97; *Bense v. Interstate Battery System of America,* 683 F.2d 718, 721–22 (2d Cir.1982) (plaintiff not "wholly unsophisticated"). The clause is not hidden or buried within the agreement and plaintiff has not alleged any fraud, overreaching, or duress in connection with the inclusion of the forum-selection clause. *See The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916; *Stewart Organization,* 810 F.2d at 1075; *Bense,* 683 F.2d at 721–22 (exclusive venue clause enforced in absence of fraud or overreaching); *D'antuono,* 570 F.Supp. at 715. It cannot reasonably be contended that to require TUC to bring this action in the courts of the State of New York would be unreasonable or unjust, or would deprive it of its day in court. *The Bremen,* 407 U.S. at 18–19, 92 S.Ct. at 1917–18; *Spatz,* 364 F.Supp. at 981 (enforcing contractual choice of state forum).

■ It is found that the convenience of the parties and the interest of justice do not favor transfer to the Eastern District of New York, and plaintiff's motion to transfer is denied. The parties' contractual choice of the courts of the State of New York as the forum for their disputes should be enforced.[7] *See Bense,* 683 F.2d at 718.

6. In *Spatz,* the court considered a contract providing that "any disputes hereunder shall be tried in the Courts of the Commonwealth of Pennsylvania." *Id.* at 969. While the court initially found some ambiguity in the language, it held that the clause provided venue exclusively in the Pennsylvania state courts and not in federal court. *Id.* at 974. Plaintiff claims that, *if there is ambiguity in the clause, it should be* construed in plaintiff's favor. The court does not agree that such ambiguity exists. Even if ambiguity were found, the clause clearly restricts venue to courts located in New York State. It would be inappropriate to give plaintiff the benefit of any ambiguity where it chose to ignore the clause entirely when it filed suit in Connecticut.

Accordingly, defendant's motion to dismiss the complaint is granted.

SO ORDERED.

7. The court rules that the action is not properly brought here and that justice does not favor transfer, solely as a matter of the parties' contractual relationship. The issues raised were confined to the language and effect of the agreement. Plaintiff has not made any claim that the contract represents a waiver of the right to invoke the diversity jurisdiction, or that its enforcement would erode that right or contravene the policies of that jurisdiction impermissibly. Such a claim would not appear foreclosed should plaintiff choose to re-file the action in a federal court in New York. *But see Spatz,* 364 F.Supp. at 974–81, *adhered to on reconsideration,* 368 F.Supp. 352 (W.D.Pa.1973) (diversity jurisdiction may be waived).