STAR INSURANCE COMPANY,
Plaintiff,

v.

CONTINENTAL SERVICES, INC., Cyclone Drilling, Inc., Plaster & Wald Consulting Corp., Torus Specialty Insurance Group, M–I, LLC, Zurich American Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and Travelers Property Casualty Company of America, Defendants.

Case No. 4:12–cv–121.

United States District Court,
D. North Dakota,
Northwestern Division.

Jan. 17, 2013.

Scott K. Porsborg, Smith Bakke Porsborg & Schweigert, Bismarck, ND, Syed S. Ahmad, Walter J. Andrews, Hunton & Williams LLP, McLean, VA, for Plaintiff.

Lawrence Bender, Michael D. Schoepf, Fredrikson & Byron, PA, Bismarck, ND, Joseph A. Wetch, Jr., Ronald H. McLean, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, Steven J. Adams, Fellers Snider Blankenship Bailey & Tippens, P.C., Reagan L. Madison, William D. Perrine, Perrine, Redemann, Berry, Taylor & Sloan, P.L.L.C., Tulsa, OK, Tamara L. Novotny, Cousineau McGuire Chartered, Minneapolis, MN, Richard P. Olson, Olson Burns Lee, Minot, ND, Paul F. Ebeltoft, Ebeltoft Sickler Kolling Grosz Bouray, PLLC, Dickinson, ND, Troy A. Wolf, Oppegard Wolf & Quinton, Moorhead, MN, for Defendants.

## ORDER DENYING MOTION TO DISMISS

DANIEL L. HOVLAND, District Judge.

Before the Court is Defendant Continental Services, Inc., ("Continental") motion to dismiss or, in the alternative, to stay filed on July 19, 2012. *See* Docket No. 25. Defendant Travelers Property Casualty Company of America ("Travelers") joined in the motion on November 1, 2012. *See* Docket No. 41. The plaintiff, Star Insurance Company ("Star Insurance"), filed a response in opposition to the motion on November 6, 2012. *See* Docket No. 48. Continental filed a reply brief on November 19, 2012. *See* Docket No. 58. For the reasons set forth below, the motion is denied.

## I. *BACKGROUND*

This is a declaratory judgment action filed pursuant to 28 U.S.C. §§ 2201–2202. The case involves four oil and gas companies, five insurance companies and seven insurance policies. The underlying dispute arises out of an explosion at an oil and gas well located near Beach, North Dakota, on July 25, 2011, which severely injured three employees of Cyclone Drilling, Inc. ("Cyclone Drilling"). The well is known as the Beaver Creek State 1–36 H well. The Cyclone Drilling employees sued Continental and a number of other oil service companies in an action captioned *Morton et al. v. Continental Resources, Inc., et al.,* Case No. 53–2011–CV–00698, in the District Court for the Northwest Judicial District of North Dakota, Williams County (the "Williams County action"). There is a related action pending in a state court in Oklahoma captioned *Continental Resources, Inc. v. Plaster and Wald Consulting Corp.,* Case No. CJ–2012–3033 (the "Oklahoma action"). Cyclone Drilling has been added to the Oklahoma action as a third-party defendant. Continental asserts claims for breach of contract and declaratory relief and seeks indemnity from Plaster & Wald Consulting Corp. ("P & W") for claims relating to the explosion and fire at the Beaver Creek well.

Continental is a corporation organized under Oklahoma law with its principle place of business in Oklahoma. Continental is engaged in the oil and gas business in North Dakota. Continental executed master service contracts with P & W and M–I relating to oil and gas drilling activities in North Dakota. The litigation in Oklahoma concerns these contracts.

Cyclone Drilling is a corporation organized under Wyoming law with its princi-

ple place of business in Wyoming. Cyclone Drilling is engaged in the oil and gas business in North Dakota. Cyclone Drilling agreed to provide services to Continental related to the drilling of oil and gas in North Dakota. Cyclone Drilling has yet to file an answer or otherwise appear in this action.

P & W is a corporation organized under Oklahoma law with its principle place of business in Oklahoma. P & W is engaged in the oil and gas business in North Dakota. P & W agreed to provide services to Continental related to the oil and gas drilling in North Dakota.

M–I, LLC ("M–I") is a corporation organized under Texas law with its principle place of business in Texas. M–I is engaged in the oil and gas business in North Dakota. M–I agreed to provide services to Continental related to oil and gas drilling in North Dakota.

Star Insurance is a corporation organized under Michigan law with its principal place of business in Michigan. Star Insurance issued a commercial general liability policy to Cyclone Drilling. Star Insurance also issued a commercial liability umbrella policy to Cyclone Drilling.

Torus Specialty Insurance Group ("Torus") is a corporation organized under Delaware law with its principle place of business in New Jersey. Torus issued general liability policies (primary and excess) to P & W. Continental is named as an additional insured under these policies.

Zurich American Insurance Company ("Zurich") is a corporation organized under Illinois law with its principle place of business in Illinois. Zurich issued a commercial general liability policy to Continental.

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized under Pennsylvania law with its principle place of business in New York. National Union issued an umbrella policy to Continental.

Travelers Property Casualty Company of America is a corporation organized under Connecticut law with its principle place of business in Connecticut. Travelers issued a commercial general liability policy to M–I. Continental is named as an additional insured under this policy.

Continental requested that Star Insurance defend and indemnify it in connection with the Williams County litigation in North Dakota, as an additional insured under the Star Insurance policies. Continental has also requested that Cyclone Drilling defend and indemnify it in connection with the Williams County action. M–I has requested that Continental defend and indemnify it in connection with the Williams County action. Continental and M–I have requested coverage from Star Insurance for M–I liabilities in the Williams County action. P & W has requested defense and indemnification from Star Insurance as an additional insured under the Star Insurance policies issued in connection with the Williams County action. P & W has requested that Cyclone Drilling defend and indemnify it in connection with the Williams County action. P & W has also requested that Star Insurance defend and indemnify it in connection with the Oklahoma state action. Star Insurance denies any obligation to defend or indemnify M–I or P & W. Star Insurance is providing a defense to Continental under its primary policy subject to a full reservation of rights.

Star Insurance seeks a determination of its obligation to provide insurance coverage to Continental, P & W and M–I. Star Insurance also seeks a determination regarding the obligations of Torus, National Union, Travelers, and Zurich to provide insurance coverage. In addition, Star Insurance seeks a priority of coverage deter-

mination. Continental is the only party insured or listed as an additional insured under the seven insurance policies at issue.

## II. LEGAL DISCUSSION

Continental has moved to dismiss the action based upon the common law doctrine of *forum non conveniens.* In the alternative, Continental requests this action be stayed in favor of the Oklahoma state court action.

### A. FORUM NON CONVENIENS

 In the seminal case discussing the *forum non conveniens* doctrine, the United States Supreme Court explained that the doctrine gives courts the power, in exceptional cases, to decline jurisdiction even when jurisdiction exists and venue is proper. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). A motion to dismiss based on the doctrine of *forum non conveniens* is available to a defendant in a case commenced in federal court if the case cannot be transferred to another federal court under 28 U.S.C. § 1404(a) because the alternate forum is a state court. *See TUC Elec., Inc. v. Eagle Tel., Inc.,* 698 F.Supp. 35, 37–38 (D.Conn.1988). It is a discretionary doctrine which vests in the district courts the power to abstain from the exercise of jurisdiction even where authorized by statute *if* the litigation can be more appropriately conducted in a foreign tribunal. The doctrine presupposes the existence of an adequate alternative forum where the matter can be resolved. *Id.; Cent. States Indus. Supply, Inc. v. McCullough,* 218 F.Supp.2d 1073, 1081 (N.D.Iowa 2002). If such a forum exists, the trial court must balance a number of non-exhaustive "public interest" and "private interest" factors first set forth in *Gilbert* in making the forum determination. The "private interest" factors consist of the following:

1) the relative ease of access to sources of proof;

2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

3) the possibility of view of the premises, if view would be appropriate to the action; and

4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*McCullough,* 218 F.Supp.2d at 1081. The "public interest" factors consist of the following:

1) administrative difficulties flowing from court congestion;

2) the forum's interest in having localized controversies decided at home;

3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and

5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.*

 It is well-established that the defendant has the burden of persuasion in demonstrating these factors warrant a dismissal in favor of the alternate forum. *Reid–Walen v. Hansen,* 933 F.2d 1390, 1393 (8th Cir.1991). Trial courts are afforded considerable discretion in balancing the factors. There is a strong presumption in favor of the plaintiff's choice of forum that can only be overcome by showing that the *Gulf Oil* factors clearly favor a trial in an alternate forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

### 1) *ADEQUATE ALTERNATIVE FORUM*

The proposed alternative forum is the state court in Oklahoma County, Oklahoma. Continental contends this forum is preferable as they sued P & W in that forum on May 17, 2012, for breach of contract and declaratory relief relating to the explosion and fire at an oil well in North Dakota. *See* Docket No. 6–2. Cyclone Drilling was added as a third-party defendant on September 24, 2012. *See* Docket No. 26–1. The federal court action was commenced on September 7, 2012. *See* Docket No. 1.

■ The determination of whether an adequate alternative forum exists is a two-step process which requires a finding of availability and adequacy. *Kamel v. Hill–Rom Co., Inc.,* 108 F.3d 799, 802–03 (7th Cir.1997). An alternate forum will be considered available when all parties are amenable to process in the alternative forum, and all parties are within the alternative forum's jurisdiction. *Id.* at 803. An alternative forum will be considered adequate when all the parties can expect fair treatment and will not be deprived of their remedies.

■ There is little doubt that Oklahoma is an adequate forum from a remedies standpoint. However, amenability of process has not been demonstrated. Only three of the nine parties to the federal action in North Dakota are parties in the Oklahoma state court action. Continental said it would not object to intervention by Star Insurance and the other insurance company defendants. *See* Docket No. 28 n. 11. Presumably, Travelers would be willing to intervene as it has joined in Continental's motion. However, there is no evidence that Torus, Zurich, National Union and M–I are willing or able to intervene in the Oklahoma state court action. Nor is it certain the state court in Oklahoma would be willing to allow intervention.

This federal case involves eight defendants, only three of whom are involved in the Oklahoma state court action. Continental has failed to demonstrate that all of the parties to the federal action are amenable to suit in Oklahoma. *Kamel,* 108 F.3d at 802–03 (moving defendant must show that all defendants are amenable to suit in the alternative forum); *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1165 (5th Cir.1987) partially vacated on other grounds, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989) (same). This failure is a sufficient reason for the Court to deny the motion. However, the "public interest" and "private interest" factors also demonstrate that the federal court in North Dakota is not an inconvenient forum.

The matter before the Court is a declaratory judgment action. As such, a number of the "private interest" and "public interest" factors identified by the Supreme Court in *Gulf Oil,* which are non-exhaustive, are of little relevance. The Court will address the factors which appear to be relevant and which have been identified by the parties in their briefs, keeping in mind that the ultimate inquiry is which forum will "best serve the convenience of the parties and the ends of justice." *Reid–Walen,* 933 F.2d at 1401 (quoting *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

### 2) *PRIVATE INTEREST FACTORS*

#### a. *SOURCES OF PROOF AND LOCATION OF WITNESSES*

■ Continental argues that fact witnesses will be primarily located in the states where the negotiation of the insurance contracts occurred, none of which are located in North Dakota. As noted, this case involves nine parties with eight different principal places of business and seven insurance contracts. Continental and P & W's principal place of business is Okla-

homa. The other seven parties have principal places of business located in Texas, Wyoming, Michigan, New Jersey, Illinois, New York and Connecticut. Fact witnesses will undoubtedly be located in all of these states. North Dakota is the site of the underlying tort action and the location of the risk contemplated by the insurance contracts. Fact witnesses are located in numerous locations around the country, and travel will be necessary no matter which forum is selected. Document production is not a material consideration.

■ Continental acknowledges this is a declaratory judgment action which will be decided as a matter of law and likely without resort to a jury. *See* Docket No. 28 n. 3. Further, Star Insurance Company's selection of North Dakota as the forum for the lawsuit does not appear to be calculated to harass either Continental or any of the other named defendants. *See Gulf Oil,* 330 U.S. at 507, 67 S.Ct. 839 (noting plaintiffs are sometimes tempted to select a forum that is most inconvenient for an adversary). The forum selection, while not dispositive, is due appropriate deference and should rarely be disturbed. *Reid–Walen,* 933 F.2d at 1394–95. It should be noted that *Gulf Oil* was decided in another era. Modern litigation practice, combined with advances in communication, travel, and electronic filing, make access to sources of proof, including stored documents and fact witnesses, far more convenient than in the past. *See K–Tel Int'l, Inc. v. Tristar Prod., Inc.,* 169 F.Supp.2d 1033, 1044 (D.Minn.2001).

### b. *EXPENSE AND CONVENIENCE*

■ Continental contends it will be less expensive and more convenient to conduct the litigation in Oklahoma state court. The Court disagrees. This may be true for Continental and P & W whose principal places of business are located in Oklahoma. However, there are seven other parties

based in many other states. All of the parties were doing business in North Dakota. When four oil and gas companies agree to work together on a well site in North Dakota, and then obtain seven insurance policies from five different insurance companies in order to cover potential liabilities inherent in the work performed, no party could reasonably claim inconvenience from litigation being conducted in federal court in North Dakota. It is far from clear whether conducting the litigation in Oklahoma is even practical as six of the parties in this federal dispute are not even parties to the Oklahoma state court action and may not be amenable to suit there. Piecemeal litigation is inconvenient, more expensive for the litigants, and a waste of judicial resources. North Dakota is arguably far more convenient forum from the standpoint of avoiding piecemeal litigation.

### 3) *PUBLIC INTEREST FACTORS*

### a. *OKLAHOMA'S INTERESTS*

■ Continental contends that Oklahoma has a strong interest in determining the rights and obligations of insurance companies who issue policies to its residents. Continental also argues that Oklahoma law governs the dispute and the matter should be litigated in Oklahoma.

Continental is an insured, or named as an additional insured, on all of the insurance policies at issue. While Oklahoma certainly has an interest in determining the rights and obligations of companies who issue insurance policies to its residents, the numerous other states involved have the same interest with respect to their residents. None of the five insurance companies involved in the federal lawsuit in North Dakota are parties in the Oklahoma state court action. Further, Oklahoma could not be said to have an interest in resolving insurance disputes be-

tween Star Insurance and the other defendants.

Continental also contends that Oklahoma law will apply and, therefore, Oklahoma has a stronger interest in the litigation than North Dakota. The Court need not resolve that issue at this stage but will assume, for purposes of the motion, that Oklahoma law will apply to many of the factual and legal issues presented. Given the number of parties and insurance policies at issue, it may be safe to assume that the law of more than one state may apply. Federal district courts regularly apply the law of other states and the application of Oklahoma law, or the law of any other state, is not a significant concern. *See Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 674 (8th Cir.2004). It is well-settled that the application of foreign law is not dispositive in an *forum non conveniens* inquiry. *Reid–Walen*, 933 F.2d at 1401.

### b. *NORTH DAKOTA'S INTERESTS*

■ None of the parties are North Dakota residents but all were doing business in North Dakota. The plaintiffs in the underlying tort action are North Dakota residents. It is likely the underlying tort action will not be resolved until the insurance coverage disputes are resolved. North Dakota has an interest in the expeditious resolution of the case and ensuring that disputes which impact its citizens are resolved in a timely fashion. The insurance contracts at issue contemplated oil field work in North Dakota. All the parties conducted business in North Dakota. Given the sophistication of the parties, it is reasonable to assume they contemplated being hailed into court in North Dakota if litigation arose. Contrary to Continental's contention, North Dakota does have an interest in the litigation. North Dakota is the nexus of virtually all of the litigation spawned by the oil well explosion. Thus, there is a significant relationship between the forum that Star Insurance has selected and the litigation.

### B. *STAY*

■ In the alternative, Continental requests this action be stayed pending the outcome of the Oklahoma state court action. The asserted basis for such a stay is what has come to be known as the *Brillhart* abstention doctrine. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In *Brillhart*, the United States Supreme Court explained the doctrine of abstention in the context of a declaratory judgment action as follows:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.
>
> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. The Supreme Court explained that *"Brill-*

*hart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Such a decision falls within the sound discretion of the district court which should consider matters of practicality and the wise judicial administration when deciding whether to abstain. *Id.* at 288, 115 S.Ct. 2137.

Much of the discussion set forth above in consideration of Continental's *forum non conveniens* argument is also relevant in the consideration of the request for a stay. Only three of the nine parties involved in the federal court action in North Dakota are involved in the Oklahoma state court litigation. Whether the other six parties may be added to the Oklahoma state court action is speculative at best. The two cases involve entirely different claims. The Oklahoma state court action contains claims for breach of contract which are not involved in the federal action in North Dakota. The federal action seeks a declaration of rights and obligations under the seven insurance policies. The Oklahoma state court action seeks only declarations as to indemnification obligations between three of the oil companies who had entered into master service contracts. None of the insurance companies are parties to the Oklahoma state court action. Star Insurance's claims regarding the seven insurance contracts involved will not be completely resolved by the Oklahoma state court action, and the federal action is far broader in scope. Since the two lawsuits do not involve all the same parties, and the two actions focus on different issues and relationships, a stay of the federal action is unwarranted under the circumstances.

### III. CONCLUSION

It is clear that Star Insurance Company's choice of forum must be given deference, Continental has failed to demonstrate that the state court in Oklahoma is an adequate alternative forum. Further, since the "private interest" and the "public interest" factors do not weigh strongly in favor of the Oklahoma state court forum, the Court expressly finds this is not one of those rare cases in which it should decline to exercise its jurisdiction.

For the reasons set forth above, Continental Services, Inc's motion to dismiss, or in the alternative, to stay (Docket No. 25) is **DENIED**.

**IT IS SO ORDERED.**