Herbert O. WEISS, Plaintiff,

v.

COLUMBIA PICTURES TELEVISION, INC. and Sony Pictures Entertainment, Inc., Defendants.

No. 92 Civ. 2458 (PKL).

United States District Court, S.D. New York.

Sept. 28, 1992.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City (Julian R. Birnbaum, Stuart L. Lichten, of counsel), for plaintiff.

Marks & Murase, New York City (Lance Gotthoffer, of counsel), for defendants Columbia Pictures Television, Inc. and Sony Pictures Entertainment, Inc.

## ORDER AND OPINION

LEISURE, District Judge.

This age discrimination action is currently before the Court on the motion of defendant Columbia Pictures Television, Inc. ("Columbia"), joined by defendant Sony Pictures Entertainment, Inc. ("Sony"), for an order of transfer to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, defendants' motion is hereby granted.

## BACKGROUND

Plaintiff Herbert O. Weiss ("Weiss") filed this age discrimination action in this Court, charging that defendant Columbia's decision not to extend his employment agreement violated the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and a related state statute. Columbia is a Los Angeles based entertainment company that produces and syndicates television programs. Prior to his termination, Weiss was Columbia's Vice President responsible for Eastern Regional television sales. His office was located in New York, New York.

Weiss began his employment with Columbia in 1980 but apparently did not have a written employment contract until early 1991, when Columbia and Weiss executed an agreement dated March 1, 1990. As executed, the agreement provided for Weiss' employment through December 31, 1991. In August 1991 Weiss was advised that his contract would not be renewed, and he was asked to vacate his office the following month.

The employment agreement included a forum selection clause designating the state and federal courts located in Los Angeles, California, as the exclusive fora for any disputes arising out of Weiss' employment or the termination thereof. The clause provides in pertinent part:

11. *Governing Law, Legal Proceedings and Remedies.*

. . . .

(b) Any and all actions, suits or legal proceedings of any nature (whether sounding in contract or in tort) arising out of or relating to this Agreement, to the employment of Employee by the Company or to the termination of such employment shall be initiated and maintained only in a state or federal court located in the city and county of Los Angeles, State of California, which shall be the exclusive forum for, and shall have the sole and exclusive jurisdiction over the subject matter of, all such proceedings. The Company and Employee hereby submit and subject themselves irrevocably to the personal jurisdiction of such California state and federal courts.

*See* Declaration of Jennifer A. Glazer, dated June 15, 1992 ("Glazer Declaration"), Exhibit B. Defendants rely on the forum selection clause and other factors in asserting that transfer is appropriate under 28 U.S.C. § 1404(a). Weiss argues that California is an inconvenient forum and the public policy underlying his action will be frustrated by transfer.

## DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court decision in *Stewart Organization, Inc. v. Ricoh Corp.* has clarified the analysis to be applied by the district court in considering a motion to transfer an action:

Section 1404(a) is intended to place discretion in the district court to adjudicate

motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack,* 376 U.S. 612, 622 [, 84 S.Ct. 805, 812, 11 L.Ed.2d 945] (1964). A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.

487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). While the Court in *Stewart Organization* ruled that district courts had broader discretion to refuse to enforce a valid forum selection clause than had previously been exercised under the precedent of *The Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the above-quoted language demonstrates that the Court did not intend to disturb the general rule that forum selection clauses are regularly enforced.[1] *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* — U.S. —, —, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991); *The Bremen,* 407 U.S. at 17, 92 S.Ct. at 1917 (respondent must satisfy a "heavy burden of proof" to set aside forum selection clause on grounds of inconvenience); *Water Energizers, Ltd. v. Water Energizers, Inc.,* 788 F.Supp. 208, 212–13 (S.D.N.Y. 1992). The Second Circuit has expressed a strong policy favoring the enforcement of forum selection clauses:

> [C]ontractual forum-selection clauses will be enforced unless it clearly can be shown that enforcement "would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching."

*Bense v. Interstate Battery Sys. of Am.,* 683 F.2d 718, 721–22 (2d Cir.1982) (quoting *The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916).

■■■ The proper methodology for addressing a motion to transfer under section 1404(a) was set out by the Second Circuit in *Red Bull Associates v. Best Western International, Inc.,* 862 F.2d 963 (2nd Cir. 1988). *See also Stewart Organization,* 487 U.S. at 29–30, 108 S.Ct. at 2243–2244. This Court must determine whether the forum selection clause is valid with reference to the factors specified in section 1404(a): the interests of the parties to the litigation and the public interest, as reflected in the public policy of the forum where the suit is pending. 862 F.2d at 967; *see also Paribas Corp. v. Shelton Ranch Corp.,* 742 F.Supp. 86, 93 (S.D.N.Y.1990); *Nat'l Union Fire Ins. Co. v. Landry,* 677 F.Supp. 704, 708 (S.D.N.Y.1987).

### 1. *Convenience of the Parties*

It is well settled that the burden is on the moving party to establish that there should be a change of forum. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). It is clear, however, that the parties' expressed preference for a forum in a forum selection clause is entitled to substantial consideration, even though it is not dispositive. *See Stewart Organization,* 487 U.S. at 29, 108 S.Ct. at 2243; *Water Energizers,* 788 F.Supp. at 212. Although deference is normally accorded plaintiff's original choice of forum, *First City National Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989), deference is inappropriate where plaintiff has already contractually chosen the appropriate venue. *See In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989) (remand of *Stewart Organization* ); *Water Energizers,* 788 F.Supp. at 212; *Combs & Co. v. Roster Corp.,* 1989 U.S. Dist. LEXIS 14122, *4–*5 (S.D.N.Y. Nov. 28, 1989); *TUC Electronics, Inc. v. Eagle Telephonics, Inc.,* 698 F.Supp. 35, 39 (D.Conn. 1988). Instead, once a mandatory choice of forum clause is deemed valid, the burden shifts to the plaintiff to demonstrate exceptional facts explaining why he should be relieved from his contractual duty. Plain-

---

**1.** As an initial matter, it is now well settled that federal law determines the weight to be given a forum selection clause when considering a motion to transfer pursuant to § 1404(a). *See, e.g.,*

*Stewart Organization,* 487 U.S. at 32, 108 S.Ct. at 2245; *Generale Bank, New York Branch v. Wassel,* 779 F.Supp. 310, 314 (S.D.N.Y.1991).

tiff has failed to demonstrate such exceptional circumstances in the instant case.

■ First, it should be noted that Weiss does not seriously contest the validity of the choice of forum clause; rather, he argues that he should be excused from its application in this instance. Weiss has not claimed that there was "fraud, influence, or overweening bargaining power," which would justify a refusal to enforce the choice of forum clause. *The Bremen*, 407 U.S. at 12–13, 92 S.Ct. at 1914–1915; *accord Combs & Co. v. Roster Corp.*, 1989 U.S. Dist. LEXIS 14122, * 4–* 5 (S.D.N.Y. Nov. 28, 1989); *Red Bull Assoc. v. Best Western Int'l, Inc.*, 686 F.Supp. 447, 451 (S.D.N.Y.), *aff'd*, 862 F.2d 963 (2d Cir.1988). Nor has Weiss asserted lack of notice as a defense to enforcement of the clause. Moreover, while Weiss claims that Columbia refused to negotiate over the forum selection clause, an allegation disputed by Columbia, mere absence of negotiation over the terms of a contract does not render a forum selection clause unenforceable. *See Medoil Corp. v. Citicorp*, 729 F.Supp. 1456, 1459 (S.D.N.Y.1990).

Weiss argues that the Central District of California would be an inconvenient forum because he has no occasion to visit Los Angeles and would incur substantial expense in engaging counsel and litigating this case in California. Mere inconvenience and expense of travelling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum. *See Bense*, 683 F.2d 718, 720 (2d Cir.1982); *First Interstate Leasing Service v. Sagge*, 697 F.Supp. 744, 747 (S.D.N.Y.1988).

Weiss also argues that the convenience of witnesses and the availability of process to require their attendance at trial militate in favor of denying defendants' motion to transfer. *See* Affidavit of Herbert O. Weiss In Opposition to Defendant's Motion to Transfer, dated July 10, 1992 ("Weiss Aff."). Weiss' affidavit lists approximately fifty witnesses who might be called to testify on his behalf, claiming that they reside in New York or have occasion to travel to New York on a regular basis. Thus, he argues that venue is more appropriate in New York than in California. While these witnesses are closer in proximity to New York than to California, they come from such places as Massachusetts (Weiss Aff. ¶ 11(a)), Pennsylvania (Weiss Aff. ¶ 11(b), (c)), and West Virginia (Weiss Aff. ¶ 11(e)), in addition to New York City and Buffalo. Thus, most of these witnesses appear not to be within this Court's subpoena power and might be no more likely to appear in New York to testify at trial than for a Los Angeles trial. Moreover, plaintiff has failed to demonstrate why the presentation of the testimony of any of his witnesses by deposition would be inadequate. *See Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989); *Simons v. Marriott Corp.*, 1990 WL 106819, * 2, 1990 U.S. Dist. LEXIS 9048, * 5–* 6 (S.D.N.Y. July 24, 1990) (plaintiff's inconvenience of witnesses argument rejected where no showing that witnesses' testimony was essential and could not be presented by deposition testimony). Additionally, certain non-party witnesses that might testify for Columbia are located in California and subject to subpoena there. *See* Glazer Declaration, ¶ 7. Thus, the convenience of witnesses significantly favors neither defendants nor Weiss and does not support plaintiff's position that the instant application for transfer should be denied.

Another factor properly considered is whether any of the potential fora was the locus where a substantial part of the events at issue took place and where relevant documents are located. *See Alcoholics Anonymous World Svcs. Inc. v. Friedman*, 1992 WL 150633, 1992 U.S. Dist. LEXIS 8939 (S.D.N.Y. June 15, 1992) (venue appropriate under 28 U.S.C. § 1391(b) where substantial events occurred); *D'Ull v. Kildeer Leasing, Inc.*, 1991 WL 206281, *1, 1991 U.S. Dist. LEXIS 13549, *4 (S.D.N.Y. Sept. 27, 1991); *Paribas Corp.*, 742 F.Supp. 86, 93 (S.D.N.Y.1990). While Weiss was at all relevant times employed in New York, his supervision came from the California offices of Columbia and any documentation concerning his employment is apparently located in that state. *See* Glazer Declaration ¶ 8. Both California and

New York thus appear to be appropriate fora under this analysis.

Thus, Weiss has failed to demonstrate any substantial reason that, considering the issue of the convenience of the parties and the interests of justice as between these parties, the choice of forum clause should not be enforced and the action transferred to the United States District Court for the Central District of California. Particularly in light of this Circuit's strong policy of enforcing forum selection agreements, *see Bense*, 683 F.2d at 721–22, this Court finds no just reason to reject the parties' contractual choice of forum. The Court next turns to the effect transfer of this action might have on the public policy underlying the ADEA.

### 2. *Public Policy of the Forum and the Interest of Justice*

 Weiss next argues that, pursuant to the theory applied by the Honorable Whitman Knapp, United States District Judge, Southern District of New York, in *Red Bull*, 686 F.Supp. 447 (S.D.N.Y.), *aff'd*, 862 F.2d 963 (2d Cir.1988), it would offend the public policy underlying the ADEA to permit transfer of this action. *Red Bull* concerned alleged racial discrimination resulting in the cancellation of Red Bull's affiliation with the Best Western International, Inc., motel chain. Judge Knapp refused to transfer the action in that case, despite an otherwise valid forum selection clause, because of overriding public interests requiring that the action be maintained in a local forum. Here, Weiss contends that the situation presented by his age discrimination claim is analogous to the civil rights claim presented in *Red Bull*.

In affirming Judge Knapp's decision in *Red Bull*, the Second Circuit recognized that a court considering a transfer motion in a civil rights action should consider the public interest as an element of the "interest of justice": "The existence of a forum selection clause cannot preclude the district court's inquiry into the public policy ramifications of transfer decisions." *Red Bull*, 862 F.2d at 967. The panel emphasized

that Judge Knapp's decision was subject to review under the abuse of discretion standard, as the Supreme Court held in *Stewart Organization*. 862 F.2d at 967; *see also Factors, Etc., Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218–19 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Thus, the Court clearly did not rule that forum selection clauses are never enforceable in civil rights actions; rather, *Red Bull* teaches that the district court, upon consideration of the alleged violations and the particular circumstances of the parties and the action, may in its discretion find cause to ignore the general rule of the enforceability of valid forum selection clauses.

The Court also noted that the plaintiffs below had satisfied the district court of their roles as private attorneys general, carrying out a significant role in the enforcement of the civil rights laws, and had presented particularly strong evidence of discrimination. 862 F.2d at 966; 686 F.Supp. at 452–53, n. 1 (plaintiffs' case supported by independent and particularly convincing corroboration); *see also Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir.1990) (forum selection clauses are to be enforced unless they adversely affect third parties); *TUC Electronics, Inc. v. Eagle Telephonics, Inc.*, 698 F.Supp. 35, 39 n. 5 (D.Conn.1988). Also relevant was Judge Knapp's belief that the plaintiffs would abandon the action if it was transferred. 686 F.Supp. at 452.

With respect to his claim to status as a private attorney general, Weiss has failed to identify any third party rights that are impliedly or expressly implicated in his action. Unlike *Red Bull*, where a hotel was asserting the civil rights of its current and prospective tenants, Weiss can claim only personal damages; the only public benefit is the general one accorded society by having the ADEA enforced. Similarly, Weiss has not alleged that he will be unable or unwilling to continue this action should it be transferred. Rather, because of the salary at which Weiss was employed by Columbia and the level of potential damages, it appears that Weiss is capable of

prosecuting his action in a California forum. Thus, as noted above, Weiss' claims of increased expense and difficulty do not rise to the level necessary to cause this Court to refuse enforcement of a forum selection clause.

In evaluating the public policies underlying the action in *Red Bull,* Judge Knapp considered the history of the Civil Rights Act of 1964. 686 F.Supp. at 451. Turning to the relevant history in this case, this Court must determine whether enforcement of the forum selection clause in this case is inconsistent with the purposes of the ADEA. Once again, Weiss has failed to demonstrate sufficient justification for this Court to refuse to enforce the forum selection clause.

Congress enacted the ADEA in 1967 "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). To achieve those goals, the ADEA, among other things, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, or privileges of employment, because of such individual's age." § 623(a)(1). This proscription is enforced both by private suits and by the Equal Employment Opportunity Commission.

While it clearly facilitates the Congressional scheme when private parties enforce the civil rights laws in private suits, this Court finds that, under the circumstances presented in this case, refusal to enforce the forum selection clause at issue here would not substantially further the public policies underlying the ADEA. The Supreme Court decision in *Gilmer v. Interstate/Johnson Lane Corp.,* — U.S. —, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), although directly concerned with the applicability of the Federal Arbitration Act to ADEA claims, informs this Court's decision. The Court in *Gilmer* ruled that age

discrimination claims are subject to compulsory arbitration pursuant to arbitration agreements. — U.S. at —, 111 S.Ct. at 1657. Although forum selection clauses are not the subject of a federal statute compelling their enforcement, the policies underlying the Federal Arbitration Act are similar to those revealed in the line of Supreme Court cases supporting the enforcement of forum selection clauses. *See Carnival Cruise Lines,* — U.S. —, 111 S.Ct. 1522, 113 L.Ed.2d 622; *Stewart Organization,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22; *The Bremen,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513. The purpose of both changes in the law was to counteract judicial hostility to the enforcement of such contractual provisions and manifest a liberal policy favoring these types of clauses. *Gilmer,* — U.S. at —, 111 S.Ct. at 1651; *accord Stewart Organization,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22, *The Bremen,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513.

In *Gilmer,* the plaintiff opposed enforcement of the arbitration clause, arguing that compulsory arbitration would be inconsistent with the statutory scheme and purposes of the ADEA. While noting that the ADEA furthers important social policies, the Court discerned no inconsistency between these policies and compulsory arbitration. — U.S. at —, 111 S.Ct. at 1653. The Court found that the deterrent and remedial functions of the statute would be adequately served by permitting the litigant to pursue his claims in an arbitral forum. — U.S. at —, 111 S.Ct. at 1653. Justice Stevens argued in dissent that the purposes of the ADEA would be frustrated by compulsory arbitration of employment discrimination claims because of the unavailability of injunctive relief in most arbitral forums. — U.S. at —, 111 S.Ct. at 1160. In rejecting this argument, the majority determined that the statutory scheme would be amply supported, regardless of whether private claims could be brought in a judicial forum, by the Equal Employment Opportunity Commission's power to bring actions against offenders. — U.S. at —, 111 S.Ct. at 1655.

Examining the plain language of the statute, it is clear that Congress did not

intend to limit the applicability of forum selection agreements in ADEA cases. The Act allows suit to be brought "in any court of competent jurisdiction" and provides no special venue requirements. 29 U.S.C. § 626(c)(1). Additionally, the Act authorizes the Secretary of Labor to employ "informal methods of conciliation, conference, and persuasion" to resolve claims of discrimination without resort to a judicial forum, where practicable. 29 U.S.C. § 626(b). The statute thus makes no special provision to ensure that ADEA claims are heard in any particular forum.

The statutory language and the discussion in *Gilmer* clearly demonstrate that the public policy underlying the ADEA will not be undermined by the enforcement of forum selection clauses. While the Supreme Court has approved the wholesale removal of ADEA claims from a judicial forum altogether by use of a contractual provision for arbitration, the motion before this Court will have a significantly less drastic effect on plaintiff's action: Weiss will have a judicial forum available to him, with the attendant panoply of judicial procedures and remedies, as long as he is willing prosecute his action in a different forum. The Court considers it highly significant that Weiss' action implicates no specific rights of third parties. The instant case is thus readily distinguishable from the situation presented to Judge Knapp in *Red Bull.*

As Weiss has failed to demonstrate that the public policy of this district and the public interests implicated in the ADEA will be frustrated, and in light of the general policy of this Circuit favoring the enforcement of forum selection clauses, this Court hereby orders that this action shall be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For all the foregoing reasons, the motion of defendant Columbia Pictures Television, Inc., joined by defendant Sony Pictures Entertainment, Inc., is hereby granted and this action is transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.