**HUNTINGDON ENGINEERING & ENVIRONMENTAL INCORPORATED and Huntingdon International Holdings, PLC, Plaintiffs,**

v.

**PLATINUM SOFTWARE CORPORATION, Defendant.**

No. 95–CV–113S.

United States District Court, W.D. New York.

April 10, 1995.

Michael B. Powers, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for plaintiffs.

Philip D. Anker, Wilmer, Cutler & Pickering, Washington, DC and Gregory P. Photiadis, Duke, Holzman, Yeager & Radlin, Buffalo, NY, for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

### *INTRODUCTION*

Before this Court is defendant's motion to dismiss this action for improper venue under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative defendant requests that this case be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). Defendant removed this action from state court on February 16, 1995, and then made the instant motion. This action concerns a software license agreement between plaintiff Huntingdon International Holdings, plc ("Huntingdon International") and defendant Platinum Software Corporation ("Platinum"). Defendant moves to dismiss based on a forum selection clause in the software license agreement. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

In support of its motion, defendant has submitted a memorandum of law ("D.Memo"), with exhibits, and a reply memorandum of law ("D.R.Memo"), with exhibits. In opposition to defendant's motion, plaintiffs have submitted a memorandum of law ("P.Memo") and the affidavit of Allan M. Pinchoff ("Pinchoff Aff.").

For the reasons set forth below, this Court will grant defendant's motion to the extent that it requests transfer of this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

### *FACTS*

This action concerns a software license agreement ("the Agreement") between plaintiff Huntingdon International and defendant Platinum. The other plaintiff, Huntingdon Engineering & Environmental, Inc. ("Huntingdon Engineering"), alleges that it is a third party beneficiary of the agreement. Plaintiffs assert claims for breach of contract, including express and implied warranties, fraud, misrepresentation, negligence, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of the duty of good faith and fair dealing, rescission, and attorneys' fees.

Defendant brings the instant motion based on a mandatory forum selection clause in the Agreement. Section 14(c) of the Agreement provides:

> This Agreement and performance under this Agreement shall be governed by the laws of the State of California in the United States of America. Venue shall be the U.S. District Court for the District of Columbia.

(D.Memo, p. 3, exh. 1.) Defendant claims that plaintiffs violated the Agreement by filing suit in state court in Niagara County, New York. Defendant asks this Court to dismiss the action for improper venue or, in the alternative, to transfer it to the United States District Court for the District of Columbia.

### *DISCUSSION*

■ Defendant brings this motion pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). It contends that dismissal under Fed.R.Civ.P. 12(b)(3) for improper venue is appropriate to enforce the forum selection clause. Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiffs, in response to defendant's motion, address whether transfer is appropriate under 28 U.S.C. § 1404(a), rather than dismissal or transfer under section 1406(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) pertains to cases in which venue is proper in the district where the case was originally filed. Section 1406(a) pertains to cases laying venue in the "wrong district." "Despite the seeming simplicity of the statutes, the cases are a 'nearly hopeless muddle of conflicting reasoning and precedent.'" 15 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3827 (1986) (quoting *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1106 (5th Cir.1981)).

Courts have differed on how to treat a motion to dismiss or transfer on the basis of a forum selection clause. Some have enforced forum selection clauses under section 1406(a), with the following reasoning:

> While it appears that a transfer on the basis of a forum selection clause may be accomplished pursuant to either provision, this Court is of the opinion that such a transfer is more appropriately treated under section 1406(a). It is true that venue in the plaintiff's chosen court, while contrary to the contractual agreement, may satisfy the legal requirements for venue of 28 U.S.C. § 1391. However, the nature of a motion to enforce a forum selection clause is that venue is wrong in the first instance (citation omitted), and a plaintiff should not be allowed to gain an advantage by bringing suit in the wrong court.

*Hoffman v. Burroughs Corp.*, 571 F.Supp. 545, 551, (N.D.Tex.1982); *see also Medoil Corp. v. Citicorp*, 729 F.Supp. 1456, 1457 n. 1 (S.D.N.Y.1990); *Lexington Investment Co. v. Southwest Stainless, Inc.*, 697 F.Supp. 139 (S.D.N.Y.1988); *Full–Sight Contact Lens v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72 (S.D.N.Y.1978).

Other courts have given forum selection clauses effect under section 1404(a), refusing to dismiss under section 1406(a). In *National Micrographics Systems, Inc. v. Canon USA, Inc.*, 825 F.Supp. 671 (D.N.J.1993), for example, the district court held that enforcement of a forum selection clause by way of a motion to dismiss for improper venue—

> is an improper application of Rule 12(b)(3). Rule 12(b)(3) provides for a motion to dismiss for improper venue. *See* Fed. R.Civ.P. 12(b)(3). "Venue," in turn, is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. The determination of the appropriate venue under § 1391 revolves around factors such as whether the court is acting within its diversity or federal question jurisdiction; whether the defendant is a citizen or an alien or a corporation; and the jurisdiction in which the defendant(s) resides or in which a corporation does business. 28 U.S.C. § 1391. Section 1391 does not list "forum selection clauses" as a factor to be considered when determining where venue may be laid.
>
> . . . .
>
> The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract, which will be enforced unless fundamentally unfair.

*Id.* at 678–79. The court went on to consider the defendant's alternative ground for relief, transfer under section 1404.

"The Court of Appeals for this Circuit has not specifically addressed the issue of whether a forum selection clause may be enforced by dismissing an action where transfer is possible." *Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909, 914 (E.D.N.Y. 1994). The court in *Haskel*, however, reached a conclusion with which this Court agrees. Where, as in the instant case—

> an action has been removed from state court, "venue," to the extent that the concept even applies to actions begun in state court, is proper in this Court, since a case may be removed to the federal district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The right to limit resolution of disputes to a particular

forum is one that is created through an agreement by the parties, not by statute. *Id.* at 915–16. By statute, venue is proper in this Court. The parties' agreement to litigate in another forum is not a question of venue, but one of contract. Accordingly, this case will not be dismissed or transferred for improper venue under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). Rather, defendant's alternative ground on this motion, transfer under section 1404(a) (D.Memo, p. 4.), will be addressed.

■ The moving party on a motion to transfer generally bears the burden of showing that the forum should be changed. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The presence of a forum selection clause, however, means that "the burden shifts to the plaintiff to demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Weiss v. Columbia Pictures Television, Inc.,* 801 F.Supp. 1276, 1278 (S.D.N.Y.1992); *see also The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972) (respondent must satisfy a "heavy burden of proof" to set aside forum selection clause on grounds of inconvenience).

"[The] Court must determine whether the forum selection clause is valid with reference to the factors specified in section 1404(a): the interests of the parties to the litigation and the public interest, as reflected in the public policy of the forum where the suit is pending." *Weiss,* 801 F.Supp. at 1278 (citing *Red Bull Associates v. Best Western International, Inc.,* 862 F.2d 963 (2d Cir.1988)). "The presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). "Under the *Stewart* analysis, federal law governs the enforceability of forum selection clauses, and such clauses are to be a 'significant factor' in the transfer analysis, but the convenience of the parties, the convenience of the witnesses, and the interests of justice must also be considered." *Haskel,* 862 F.Supp. at 916.

Plaintiffs oppose transfer under section 1404(a). They claim that the forum selection clause is only one sentence of a seventy-two-page agreement. There is no connection, they argue, between the selected forum, the District of Columbia, and any events giving rise to this dispute. (P.Memo, p. 8.) They claim that most events relevant to this dispute occurred in the Western District of New York. A transfer would require several witnesses to travel to the District of Columbia at substantial expense and considerable inconvenience. Most physical evidence, they claim, is located in New York as well. (P.Memo, p. 9.)

■ These arguments do not satisfy plaintiffs' burden of demonstrating why the forum selection clause should not be enforced. The fact that the forum selection clause is only one sentence of the contract has no bearing on its enforceability. Though plaintiffs claim that the clause was not the subject of negotiations (Pinchoff Aff. ¶ 11), a forum selection clause need not be negotiated to be binding. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593–94, 111 S.Ct. 1522, 1527–28, 113 L.Ed.2d 622 (1991); *see also Weiss,* 801 F.Supp. at 1279 ("mere absence of negotiation over the terms of the contract does not render a forum selection clause unenforceable"). Moreover, it appears that the forum selection clause was not simply boilerplate. A letter from Huntingdon Engineering to Platinum dated December 23, 1993, addressing "legal" concerns with the agreement stated that "[t]he venue shall be the U.S. District Court for the District of Columbia." (D.R.Memo, pp. 6–7, exh. 2.) In any event, plaintiffs must allege something more than that the forum selection clause was boilerplate.

What they allege, in part, is that the District of Columbia has no connection with the events giving rise to this dispute. The Supreme Court has recognized, however, that parties to a contract may select a neutral forum to resolve their disputes. *The Bremen,* 407 U.S. at 11–12, 92 S.Ct. at 1913–14. The only specific problem plaintiffs cite between the locus of events and the chosen forum is inconvenience. The primary witnesses, they claim, are employed in New

York, and most physical evidence is located in New York. (P.Memo, p. 9.)

The courts have clearly stated that "[m]ere inconvenience and expense of travelling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum." *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1272 (S.D.N.Y.1995) (quoting *Weiss*, 801 F.Supp. at 1279). "Even if the traveling were a serious inconvenience, it was contemplated by the parties when entering into the contract." *First Interstate Leasing Service v. Sagge*, 697 F.Supp. 744, 747 (S.D.N.Y.1988) (citations omitted); *see also Orix Credit Alliance v. Mid–South Materials*, 816 F.Supp. 230, 234 (S.D.N.Y.1993) ("forum selection clause is determinative of the convenience to the parties"). Further, plaintiffs have not provided the names of potential witnesses who would be unable to testify or why any specific witnesses could not provide deposition testimony. *See Haskel*, 862 F.Supp. at 917 (citing *Falconwood Financial Corp. v. Griffin*, 838 F.Supp. 836, 839 (S.D.N.Y.1993) (party seeking to avoid application of forum selection clause required to name witnesses who would be unable to testify unless case was transferred as well as provide summary of their testimony)); *see also Elite Parfums*, 872 F.Supp. at 1272 (party "has not shown that his witnesses are essential or that deposition testimony from his witnesses would not suffice").

With respect to physical evidence, plaintiffs allege only the cost and inconvenience of transporting proof to and from the District of Columbia. Plaintiffs have not shown that the computer software, hardware, and documents could not be transported there. *See Haskel*, 862 F.Supp. at 917. Plaintiffs also have cited no interests of justice comparable to those at stake in *Red Bull Associates*, 862 F.2d at 966–67 (denying effect to mandatory forum-selection clause because of strong public policy of civil rights law). While, as plaintiffs argue, local courts do have an interest in resolving local disputes, courts clearly have recognized the interests parties to a contract have in selecting a neutral forum. A party cannot defeat a neutral forum selection clause by filing suit in the local forum and claiming that the local interest in resolving the dispute prevails.

Plaintiffs have not satisfied their burden to show why the forum selection clause should not be enforced. Accordingly, this action will be transferred pursuant to section 1404(a) to the United States District Court for the District of Columbia.

### CONCLUSION

For the reasons set forth above, this Court will grant defendant's motion to the extent that it requests transfer of this case to the United States District court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

### ORDER

IT HEREBY IS ORDERED, that this action is transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia.

SO ORDERED.