**MICRO–ASSIST, INC., Plaintiff,**

v.

**CHERRY COMMUNICATIONS, INC., et al., Defendant.**

No. 96–CV–6374.

United States District Court, E.D. New York.

April 16, 1997.

Avram H. Schreiber, New York City, for Micro-Assist Inc.

Arthur Russell, Feltman, Karesh, Mahor & Farbman, New York City.

Kenneth Adler, Kenneth Adler & Associates, Melville, NY, for Mercury communications Serv. Inc.

Joseph T. Adragna, Hicksville, NY, for Tele-Pro Inc.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

On December 31, 1996, plaintiff Micro–Assist, Inc. ("MAI"), a New Jersey corporation, brought this action against defendants Cherry Communications, Inc. ("Cherry"), Mercury Communications Service, Inc. ("Mercury") and Tele–Pro, Inc. ("TPI"), incorporated in Illinois, Texas and New York, respectively. Complaint ¶¶ 4–7. The complaint appears to allege, among other things, that defendant Mercury breached a contract to install a new telephone system by failing properly to coordinate the installation with the other defendants. Mercury now moves for dismissal or transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) or § 1406(a). For the reasons that follow, this motion will be denied.

### FACTS

Defendant Mercury, a Texas corporation with its principal place of business in Dallas County Texas, sells and installs telecommunications equipment. Osler Dec. ¶ 4; Complaint ¶ 6; Osler Dec. ¶ 3. In November 1995, Mercury contracted to sell telecommunication equipment to MAI and to install the equipment for MAI at an address in Manhattan. Complaint ¶ 9; Atlas Aff. ¶¶ 4, 6; Osler Dec. ¶ 6, Ex. A. The contract between MAI and Mercury included a forum selection clause which provided that any action relating to the contract would be "proper if filed in any court in Dallas County, Texas." Osler Dec. Ex. A. Mercury subcontracted with TPI, a New York corporation with its principal place of business in the Eastern District of New York, to install Mercury's equipment for MAI in Manhattan. Complaint ¶¶ 7 &

10; Iorio Dec. ¶¶ 3, 4. MAI also hired defendant Cherry to act as a communications reseller. Complaint ¶ 11. In its complaint, MAI alleges that it was injured when the three defendants failed properly to "coordinate and effectuate the installation." Complaint ¶ 12.

## DISCUSSION

### I. Venue

Defendant Mercury moves to dismiss or transfer this case for improper venue pursuant to 28 U.S.C. § 1406 or to transfer this case for convenience pursuant to 28 U.S.C. § 1404. Section 1404(a) provides for transfer if venue is proper in both the original and the requested venues. Section 1406(a) provides for the dismissal or transfer of an action brought in an improper venue. Initially, this Court will determine whether venue is appropriate in this District. If it is, § 1404 will apply to Mercury's motion, if it is not, § 1406 will apply.

Section 1391 of Title 28 of the United States Code, the federal venue statute, provides in part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State.
>
>     *    *    *    *    *    *
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391.

■ Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper. *D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F.Supp. 320, 321 (S.D.N.Y.1996); *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F.Supp. 22, 25 (S.D.N.Y.1994). To prove that venue lies here, MAI must demonstrate that under 28 U.S.C. § 1391(a)(1), the Eastern District is "a judicial district where any defendant resides, if all defendants reside in the same state."

■ Section 1391(c) provides that a corporate defendant resides in a state for venue purposes if "it is subject to personal jurisdiction" in that state "at the time the action is commenced." As a non-domiciliary, Mercury will only be subject to personal jurisdiction in New York if: (1) it falls within the terms of New York's long arm statute, Civil Practice Law Rules ("CPLR") § 302, and (2) its contacts with New York State satisfy the requirements of Constitutional Due Process. *Eugene Iovine, Inc. v. Rudox Engine and Equip. Co.*, 786 F.Supp. 236, 240–41 (E.D.N.Y.1992).

■ CPLR § 302 provides, in part:

(a) **Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

    1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

Mercury falls under CPLR § 302(a)(1) because this action arises from Mercury's contract to supply goods and services in New York State for MAI. Amended Complaint ¶¶ 9–13. By contracting to supply goods and services to New York, Mercury established minimum contracts with this State sufficient to meet the requirements of Constitutional Due Process. See *Eugene Iovine, Inc.*, 786 F.Supp. at 240. Additionally, Mercury established Constitutionally sufficient minimum

contacts when it entered into a sub-contract with New York corporation TPI to arrange for TPI to install Mercury's telecommunications products in New York. By its sub-contract, Mercury "created 'continuing obligations' between [itself] and residents of the forum, [thereby] manifestly ... avail[ing itself] of the privilege of conducting business" in New York State. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Accordingly, Mercury is subject to personal jurisdiction in New York, first because Mercury's contract to supply goods and services in this State meets the requirements of New York's long arm statute, and second, because Mercury's contacts in this State are sufficient to satisfy Constitutional Due Process.

■ Since Mercury is subject to personal jurisdiction here, under § 1391 Mercury is a New York State resident for venue purposes. Mercury's co-defendants, Cherry and TPI, do not contest their residence within this state. As such, all the defendants to this action reside in New York for purposes of § 1391. Moreover, since TPI is domiciled in the Eastern District of New York, Atlas Aff. ¶ 4, it would be "subject to personal jurisdiction" here if the Eastern District "were a separate State" within the meaning of § 1391(c). Hence, venue is proper in this District.

## II. *28 U.S.C. § 1404*

■ Because venue lies in the Eastern District of New York, this Court will analyze Mercury's motion as a motion to transfer pursuant to 28 U.S.C. § 1404. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose behind § 1404 is the prevention of "waste of time, energy and money and [the protection of] litigants, witnesses and the public against unnecessary inconvenience and expense." *Nat'l Util. Serv., Inc. v. Queens Group Inc.,* 857 F.Supp. 237, 239–40 (E.D.N.Y.1994).

■ When deciding a § 1404 motion, a District Court must exercise its discretion to determine whether transfer is appropriate by conducting an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). As the Supreme Court has explained: "A motion to transfer under § 1404(a) ... calls on the District Court to weigh in the balance a number of case specific factors." *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2244. Among these, "a forum-selection clause ... will be a significant factor that figures centrally in the District Court's calculus." *Id.* Other factors courts typically weigh when deciding a § 1404(a) motion to change venue include:

(1) the convenience of the parties; (2) convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and the relative ease of access to sources of proof, (5) the attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by a forum familiar with the substantive law to be applied; (9) practical difficulties, and finally, (10) the Court should also consider how best to serve the needs of justice based upon an assessment of the totality of material circumstances.

*Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 987 (E.D.N.Y.1991).

■ Ordinarily, the movant bears the burden of proof in a motion to transfer. However, the presence of a mandatory forum selection clause shifts the burden of proof to the party arguing against the enforcement of the clause. *Huntingdon Eng'g & Envt'l Inc. v. Platinum Software Corp.,* 882 F.Supp. 54, 57 (W.D.N.Y.1995); *Haskel v. FPR Registry, Inc.,* 862 F.Supp. 909, 916 (E.D.N.Y.1994); *Weiss v. Columbia Pictures Television, Inc.,* 801 F.Supp. 1276, 1278 (S.D.N.Y.1992).

MAI argues that this Court should not give effect to the forum selection clause in its contract with Mercury because Mercury did not mention the clause to MAI, the parties did not negotiate the clause and the clause was included in the fine print of a Mercury

form contract. Atlas Dec. ¶ 5. However, none of these arguments is sufficient to defeat a forum selection provision incorporated into a contract between sophisticated business entities. *See e.g., The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12–13, 92 S.Ct. 1907, 1914–15, 32 L.Ed.2d 513 (1972); *Huntingdon,* 882 F.Supp. at 57; *Shaw Group, Inc. v. Natkin & Co.,* 907 F.Supp. 201, 205 (M.D.La.1995).

■ There is, however, a persuasive argument to be made for giving the forum selection clause at issue in this case less weight than it might otherwise be afforded. Forum selection clauses are generally upheld absent a showing of unreasonableness and are clearly entitled to significant weight in the context of a § 1404 analysis. *See The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2243–44. However, only mandatory forum selection clauses require a court to order a change of venue in the absence of "strong countervailing consideration[s]," *Orix Credit Alliance, Inc. v. Mid–South Materials Corp.,* 816 F.Supp. 230 (S.D.N.Y.1993), whereas permissive forum selection clauses are entitled to somewhat less weight in a § 1404(a) analysis. *Id.; see also JSP Int'l v. Tri–Tech Group, Inc.,* No. 95 Civ. 2422, 1995 WL 413299 (S.D.N.Y. July 13, 1995).

The clause at issue in this case is permissive, not mandatory. It provides: "[t]he parties agree that venue for any action arising hereunder or related hereto is proper if filed in any court in Dallas County, Texas." Osler Dec, Ex. A. Hence, although this clause makes venue proper in Texas, it does not make venue improper in New York. Put another way, the purpose of this clause may be realized without transferring this case to a different district. As such, it weighs less heavily in favor of transfer, since by its terms, it does not require transfer. *Cf. John Boutari & Son v. Attiki Importers,* 22 F.3d 51 (2d Cir.1994).

Turning now to a consideration of the remaining § 1404(a) factors listed in *Hernandez v. Graebel Van Lines;* MAI has presented evidence demonstrating that the first of the *Hernandez* factors, convenience of the parties, cuts sharply against transfer. Although each of the parties involved in this action is incorporated in a different state, both MAI and TPI have their primary places of business in or near the Eastern District of New York. Atlas Aff. ¶¶ 4 & 6. Furthermore, there is no evidence before this Court to suggest that TPI would be subject to jurisdiction in Texas. As a result, if this case were transferred, MAI would likely be forced to bring two separate actions; one against TPI and Cherry in New York and a second against Mercury in Texas. This unnecessary duplication of resources would greatly inconvenience both the parties and the courts. Therefore, since considerations of judicial economy weigh heavily against choosing a venue where an entity central to an action cannot be made a party, *see Falconwood Fin. Corp. v. Griffin,* 838 F.Supp. 836 (S.D.N.Y. 1993), this element militates strongly against transfer.

■ The second *Hernandez* factor, convenience of witnesses, is often afforded great weight by courts determining whether to grant a transfer of venue. *See e.g., Queens Group, Inc.,* 857 F.Supp. at 241 ("The convenience of both the party and the non-party witnesses is probably the single ... most important factor in the analysis of whether a transfer should be granted under Section 1404(a)"). However, to prove that this element supports its position, a party must supply an affidavit identifying witnesses and the probable subject matter of their testimony. *Haskel,* 862 F.Supp. at 917. Neither MAI nor Mercury has provided such information in this case. Mercury through the declaration of its vice president Tom Osler, merely contends that "several of the potential witnesses ... are in Texas." Osler Dec. ¶ 5. MAI counters simply that: "[a]side from Plaintiff's employees who may be called as witnesses, Plaintiff will call upon independent telephone systems experts, located in the New York metropolitan area, who would otherwise not be subject to the jurisdiction of the Texas courts." Atlas Dec. ¶ 9. These statements do not provide the detail necessary to assess the importance of any potential witness. Accordingly, this second factor favors neither Mercury nor MAI.

 

The fourth factor concerns the locus of operative facts and the relative ease of access to sources of proof. To determine the locus of operative facts, a court must look to the "site of the events from which the claim arises." *800–Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F.Supp. 128, 134 (S.D.N.Y.1994). The locus of operative facts in this case is Manhattan, where the installation of the telecommunication equipment took place. Osler Dec. ¶ 6, Ex. A. Since the Eastern District of New York is far closer than the Northern District of Texas to the events at issue, this factor cuts against transfer.

The sixth *Hernandez* factor also weighs against transfer, in that a plaintiff's chosen forum should, where possible, be respected. However, neither the seventh nor the eighth factor supports either parties' position. The parties offer nothing to suggest that the calendar of the Eastern District of New York is substantially more or less congested than that of the Northern District of Texas. Likewise, although the contract between Mercury and MAI provides that Texas law will control its terms, the contract between MAI and TPI apparently would be controlled by the law of New York. Osler Dec. Ex. A; Iorio Dec. ¶ 3. Accordingly, the eighth *Hernandez* factor does not favor either forum. Neither party has addressed the third or the ninth *Hernandez* factor.

On balance, taking all these considerations into account, this Court concludes that transferring this case to the Northern District of Texas would not further the interests of justice. Because granting Mercury's motion might well result in a wasteful duplication of effort, considerations of judicial economy weigh heavily against it. Even if a change of venue did not lead to two separate actions, a New York forum conveniences two parties, while a Texas forum would convenience only one. Additionally, the Eastern District of New York is a preferable venue for this action because it was chosen by the plaintiff and because it is close to the locus of events at issue in this lawsuit. Of the remaining factors, only the permissive forum selection clause favors transfer. Under these circumstances, the permissive forum selection clause alone is insufficient to justify a change of venue under § 1404(a).

## CONCLUSION

Accordingly, for the reasons stated above, defendant Mercury's motion is denied.

SO ORDERED.