Michael V. MOTISE, Plaintiff

v.

AMERICA ONLINE, INC. Defendant

No. 04 CIV. 2121(SCR).

United States District Court,
S.D. New York.

Nov. 30, 2004.

Michael V. Motise, Mahopac Falls, NY, pro se.

Marshall Beil, McGuireWoods LLP, New York, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

Michael V. Motise (the "Plaintiff") filed this action against America Online, Inc. (the "Defendant") in this court in March 2004. The Defendant moved to dismiss the action pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404.

The Plaintiff is an individual who currently resides in Mahopac Falls, NY. The Defendant is an internet service provider organized under the laws of Delaware and maintaining its principal place of business in Virginia. AOL provides services to consumers all over the United States, including in New York.

On March 18, 2002, the Plaintiff used AOL services by signing on to the AOL account of his step-father, Joseph Perretta. The Plaintiff alleges that the Defendant unlawfully released the Plaintiff's AOL screen name, "aaa12465," on a listserve that, according to the Plaintiff, was illegally publishing private information about the Plaintiff, including daily transcripts of electronic eavesdropping of his private telephone conversations and other activities at his home in Pennsylvania.

The America Online Member Agreement provides that "By registering for AOL membership or using AOL services and products, you agree to be bound by this Member Agreement." This agreement further provides that "You expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of AOL Services resides in the courts of Virginia...." The Defendant's motions are based largely on this language.

## II. Analysis

### A. The Enforceability of the Forum Selection Clause

#### 1. The Defendant's Constructive Notice Theory

The Defendant's argument is straightforward: AOL's Terms of Service apply to AOL members (such as Perretta) and users (such as Motise), and clearly require that causes of action be brought in Virginia. As such, the Plaintiff's case should be dismissed or, in the least, transferred to the proper forum. The Plaintiff responds that he is not bound by the Terms of Service, because he did not have notice of them when he used AOL's service. Because he was merely a user of his step-father's account, the Plaintiff points out, he was not presented with the Terms of Service or asked to accept them when he signed on.[1]

The legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff. *See Spataro v. Kloster Cruise, Ltd.,* 894 F.2d 44, 45–46 (2d Cir.1990). The issue of reasonable notice is a question of law. *See id.* The Defendant argues that the clause was reasonably communicated to the Plaintiff because, regardless of whether the Plaintiff had actual notice, his status as a user of AOL's services gave him constructive notice.

In support of this claim, the Defendant cites various cases, but Defendant's interpretation of these cases is misleading. Read properly, none of them are directly on point, controlling in this court, or helpful to the Defendant's argument. For example, Defendant cites *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447 (7th Cir.1996) for the proposition that a purchaser of software can be held subject to the terms of a contract kept inside the box, even though the customers did not have access to the

---

1. The Defendant does not appear to disagree that a mere user of another's account would not have been required to accept the terms of the agreement. But, at the same time, the Defendant points out that the Terms of Service are always available to users while they are online by clicking on AOL Help (which is on the Welcome screen) and typing "TOS" or "Terms of Service" in the box and clicking "Search."

terms until they had purchased the software, opened the box and used the software. But contrary to the Defendant's interpretation, Judge Easterbrook held that, although the contract was found inside the box, the purchaser was bound by the terms of the contract only after *"using the software after having an opportunity to read the license at leisure." ProCD,* 86 F.3d at 1452 (emphasis in original).

The Defendant also cites a California District Court case, *Ticketmaster Corp. v. Tickets.Com, Inc.,* 2003 WL 21406289 (C.D.Ca.2003), 2003 U.S. Dist. LEXIS 6483 for the proposition that a plaintiff is bound by conditions that were "available via a notice on the initial web page" simply by proceeding into the interior web pages. But, again, the Defendant's interpretation of the case is misleading. In that case, the court held only that the contract had been formed by proceeding to the interior web pages "after knowledge (or, in some cases, presumptive knowledge) of the conditions accepted when doing so." 2003 WL 21406289 at *2, 2003 U.S. Dist. LEXIS at *9. The court emphasized that the website had "placed in a prominent place on the home page the warning that proceeding further binds the user to the conditions of use." *Id.* at *2, 2003 U.S. Dist. LEXIS at *7.[2]

The cases cited by the Defendant, therefore, provide little support for its constructive notice theory. Further, *Specht v. Netscape Communications Corp.*—a Second Circuit case not cited by either party— seems to confirm that users must be presented with terms of use in order for them

to be on notice of them. *Specht* asked whether computer users, by acting upon Netscape's invitation to download free software made available on its webpage, agreed to be bound by the software's license terms, even though the users could not have learned of the existence of those terms unless, prior to executing the download, they had scrolled down the webpage to the next screen located below the download button. 306 F.3d 17, 20 (2d Cir.2002). The court held that a reasonably prudent Internet user in circumstances such as these would not have known or learned of the existence of the license terms before responding to Netscape's invitation to download free software. *See id.* at 32. Further, the court concluded, "where consumers are urged to download free software at the immediate click of a button, a reference to the existence of license terms on a submerged screen is not sufficient to place consumers on inquiry or constructive notice of those terms." *Id.* The Second Circuit seems to require that the license terms appear on the screen, in view of the user, for the user to be on notice of them.

### 2. The Defendant's Derivative Rights Theory

Defendant's second argument is that Motise is subject to the Terms of Service, including the Forum Selection Clause, because he was a sublicensee of Perretta, the licensee, who necessarily viewed and accepted the terms of service when he created an account. Although admittedly not bolstered by case law directly on point, this argument is persuasive.

---

**2.** The Defendant also miscited two other cases. *Hotmail Corp. v. Van$ Money Pie, Inc.,* 1998 WL 388389, 1998 U.S. Dist. LEXIS 10729 (N.D.Ca.1998) stands for the proposition that clicking on a webpage's clickwrap button, after receiving notice of the existence of license terms, manifests an internet user's assent to terms governing the use of down-

loadable software. And in discussing *Caspi v. Microsoft Network, LLC,* 323 N.J.Super. 118, 732 A.2d 528 (1999), the Defendant fails to acknowledge that the Plaintiffs were all *members* of Microsoft's service, who had all been presented with the terms of use and required to acknowledge their assent before becoming members. *See id.* at 532.

■ The Plaintiff was able to utilize the Defendant's service only because his stepfather, Mr. Perretta, accepted the terms of service. He was, as such, a sub-licensee of privileges that the Defendant conditionally granted to Mr. Perretta. The Plaintiff could not, therefore, have greater rights than Mr. Perretta. *cf. Microsoft Corp. v. Harmony Computers & Elecs.*, 846 F.Supp. 208, 213 (E.D.N.Y.1994) (to the extent that defendants bought their Microsoft Products from authorized Microsoft licensees, they were subject to the same licensing restrictions under which those licensees operated); *Hogan Sys. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 323–24 (5th Cir.1998) (concluding that a licensee may use a contractor for anything it was authorized to do under a license). Any other conclusion would permit individuals to avoid the Defendant's Terms of Service simply by having third parties create accounts and then using them as the Plaintiff did. As such, the Plaintiff, as a user of another's account, is subject to the Terms of Service, and the forum selection clause is enforceable in this case.

### B. Motion to Dismiss or Transfer

■ Having found that the forum selection clause is enforceable against this Plaintiff, it remains to be determined whether this clause, combined with other facts of this case, favor transferring or dismissing this case to another forum.[3] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to dismiss a case

for forum non conveniens is also confided to the sound discretion of the district court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

■ This Court must determine whether the forum selection clause should be enforced in this case with reference to the factors specified in section 1404(a): the interests of the parties to the litigation and the public interest, as reflected in the public policy of the forum where the suit is pending. *See Weiss v. Columbia Pictures Television*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992). The general rule is that forum selection clauses are regularly enforced, *see id.*, unless it clearly can be shown that enforcement "would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching." *Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718, 721–22 (2d Cir.1982).

An analysis of the facts of this case clearly shows that transferring or dismissing this case would be neither unreasonable nor unjust. There is, first of all, no indication that the clause is the result of fraud or other overreaching by the Defendant. Moreover, Virginia courts would be more convenient for the most of the witnesses, since AOL's headquarters are in Dulles, Virginia. Further, as the Defendant points out, to the extent that the Plaintiff seeks the trial testimony of current or former AOL employees, compulsory process would be available only in Virginia, where most of AOL's employees work and reside. *See id.*[4]

---

**3.** District courts have the discretion to refuse to enforce a valid forum selection clause. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

**4.** In response, the Plaintiff has complained that traveling to Virginia to pursue his claims

would involve the expenditure of considerable resources. But the mere inconvenience and expense of traveling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum. *Weiss*, 801 F.Supp. at 1279.

The final issue to determine is whether this case should be dismissed pursuant to FED. R. CIV. P. 12(b)(3) and 12(b)(6) or transferred pursuant to 28 U.S.C. § 1404. In each case in which a Defendant seeks either kind of relief, the court must weigh whether dismissal or transfer is the most efficient and just means of enforcing the forum selection clause. *See Licensed Practical Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393, 409 (S.D.N.Y.2000). The Plaintiff's prefers transfer because he is concerned that statutes of limitations may bar his pursuit of his state law causes of action if he were required to file a new lawsuit. The Defendant argues that dismissal is appropriate because the forum selection clause permits suit in Virginia's state or federal courts, and the Plaintiff should have the opportunity to bring his suit in either forum. Courts in this district have recognized the Defendant's argument as an adequate justification to dismiss rather than transfer. *See GMAC Commer. Credit v. Dillard Dep't Stores,* 198 F.R.D. 402, 409 (S.D.N.Y.2001). But this rationale is not persuasive in this case, because the Plaintiff has already expressed a clear preference for litigating his case in the federal courts, should the forum selection clause be enforced. The court finds no reason not to consider this preference in exercising its discretion.

### III. Conclusion

For these reasons, this case is hereby TRANSFERRED to the United States District Court for the Eastern District of Virginia.

It is so ordered.